UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD LEE BOUSMAN,<br><br>        Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>        Respondent. | No. ED CV 10-01300-ODW (VBK)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

    On August 30, 2010, Richard Lee Bousman (hereinafter referred to as "Petitioner") filed an "Application for Writ of Habeas Corpus" ("Application"). Petitioner pled <u>nolo</u> <u>contendere</u> to three counts of lewd and lascivious conduct with a child under the age of fourteen in violation of California Penal Code ("PC") §288(a) in Riverside County Superior Court.  Petitioner was sentenced to prison for three years in March of 2003. (<u>See</u> Application at 2.)  Petitioner has raised the following claims in the within Petition: (1) conspiracy and perjury involved, no investigation which includes the States of Washington, Oregon and California; (2) ineffective assistance of counsel and coerced plea, no investigation, no witness list.  Attorneys did not communicate with Petitioner; (3) one person permission on pretext

phone calls which causes a <u>Miranda</u>[1] violation; and (4) abuse of trial court's discretion." (<u>See</u> Application at 3-4; attached pages.)

It appears from the face of the Petition that it is directed to the same 2003 Riverside County Superior Court conviction as a prior habeas petition filed by Petitioner in this Court on November 16, 2004, in Case No. ED CV 04-01417-GHK (VBK).[2]  On September 7, 2006, Judgment was entered in Case No. ED CV 04-01417-GHK (VBK) denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996.  Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed unless--
>
> (A)   the applicant shows that the claim relies on a new

---

[1]   <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602 (1966).

[2]   The Court takes judicial notice of its own files and records.  <u>See</u> <u>Mir v Little Co. of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988).  On November 16, 2004, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" which was given Case No. ED CV 04-01417-GHK (VBK).  In this Petition, Petitioner raised the following claims: "(1) ineffective assistance of appointed counsel; (2) ineffective assistance of retained counsel; (3) Petitioner's guilty plea was constitutionally infirm; (4) the trial court abused its discretion when it denied Petitioner's <u>Marsden</u> motion to substitute counsel; (5) the trial court abused its discretion when it denied Petitioner's motion to withdraw his guilty plea; and (6) the trial court abused its discretion when it sentenced Petitioner to prison rather than imposing probation."

|   |   |
|---|---|
| 1 | rule of constitutional law, made retroactive to cases on |
| 2 | collateral review by the Supreme Court, that was previously |
| 3 | unavailable; or |
| 4 | (B)(i)  the factual predicate for the claim could not |
| 5 | have been discovered previously through the exercise of due |
| 6 | diligence; and |
| 7 | (ii)  the facts underlying the claim, if proven and |
| 8 | viewed in light of the evidence as a whole, would be |
| 9 | sufficient to establish by clear and convincing evidence |
| 10 | that, but for constitutional error, no reasonable factfinder |
| 11 | would have found the applicant guilty of the underlying |
| 12 | offense. |
| 13 | (3)(A) <u>Before a second or successive application permitted</u> |
| 14 | <u>by this section is filed in the district court, the applicant</u> |
| 15 | <u>shall move in the appropriate court of appeals for an order</u> |
| 16 | <u>authorizing the district court to consider the application</u>." |

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petition, within the meaning of 28 U.S.C. § 2244(b).  Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court.  Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

//
//
//
//

For the foregoing reasons, **IT IS ORDERED** that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 13, 2010

OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented this 9th day of September, 2010 by:

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

4